The first case for argument this morning is 19-1150 Galperti, Inc. v. Galperti, S.r.l. Mr. Davis, whenever you're ready. Please, the Court. This appeal arises from a final decision of the Trademark Trial and Appeal Board and a cancellation action in which the parties each claim protectable rights to the same mark, namely Galperti, for metal flanges and closely related items. The Board dismissed Appellant's petition for cancellation, despite Appellant's showing of trademark, service mark, and trade name use predating the constructive priority date associated with Appellee's registration and despite Appellant's showing that Appellee procured its registration through a fraudulent claim under Section 2F of the Lanham Act of substantially exclusive and continuous use of its mark in the five years immediately preceding that claim. Can I take you to that third issue to begin? Certainly, Your Honor. What did the Board, I mean, it's a very hard burden to establish fraud. So what, in your view, did the Board do wrong in its analysis of the fraud issue? Well, for one thing, Your Honor, in this case there is no dispute that the Section 2F claim is not facially defective standing on its own. When Appellee's prosecution counsel represented that the applied for mark had been in substantially exclusive use for five years, he referred the examiner to the declaration of Dina Galperti for the necessary sworn verification. But that declaration does not contain a verification. Now, in Bose, this court held that cancellation for fraud is appropriate if during the application process a registrant makes a false representation with knowledge of its falsity, that representation is material and the registrant intended to deceive the PTO. But here the allegation, her statement deals with a knowledge that the Texas stuff was in the marketplace. And I think the Board concluded that statement doesn't make her claim of exclusivity per se false. Do you disagree with that conclusion? Your Honor is correct as to what the Board determined. So the Board's error in this case lay with its evaluation of the falsity prong of the analysis. Now, in doing so, the Board relied upon this court's opinion and L.D. Kickler for the proposition that substantially exclusive use admits to some other party's uses. And that is certainly true. That is certainly something you can find in L.D. Kickler. But the court in that case did not reach such a holding as a blanket proposition. Instead, it merely vacated the district court opinion and remanded the matter with instructions to consider whether there had been, quote, significant prior use. And it's on that issue that the Board erred because the Board conducted no inquiry whatsoever into the significance of the use in the record. You want the same relief that was granted in the other case. You want to force the Board to look at your evidence of use during that five-year time period, correct? That is true, Your Honor. It's simple. There was no vermin by your opponent saying, we have substantial exclusive use in the five-year period. The question is, is that true or false, right? Your Honor, that is certainly true as a factual matter here. But where the Board erred was not conducting the inquiry into the significance at all. You want to look at the so-called false statement, right, is the statement by their side that they had substantial exclusive use in the five-year period. That's correct, Your Honor. And you're saying, so the question is, is that statement true or false? And how do you know if the statement is true or false if they don't look at the evidence you put in for your side's use during that period? That is correct, Your Honor. So you've alleged that they did not have substantial use. Are you alleging that you had substantial exclusive use of the mark? What's the allegation here with respect to fraud? Where is the fraudulent allegation in what she said? Okay. Your Honor, Section 2F requires a sworn affairment of substantially exclusive and continuous use. Okay. So the issue here is whether is the accuracy of the representation of substantially exclusive use. And again, this Court has held in Kickler that that analysis cannot be undertaken in a vacuum. You have to look at the significance of the use that was out there. So your allegation is that they did not have substantial exclusive use. That is correct, Your Honor. And you would also, that's not enough for fraud by any means, right? Your Honor, what we're talking about is only the falsity prong of the fraud analysis. The Board did not reach the issue of appellee of scienter in filing the statement. And your view is that it should? It should, but because it stopped the analysis at falsity, it did not do so. Well, you have to do something before you get to scienter, right? I mean, you would still have to establish that the statement was inaccurate. That is correct, Your Honor. And again, under this Court's opinion in L.D. Kickler, falsity cannot be evaluated unless it takes into account the significance of the other uses. And that is an analysis that the Board did not undertake in this case. The Board's opinion more or less quotes L.D. Kickler, and then it ends very abruptly. What was the exact language in the Board's opinion? Do you recall? On the issue of falsity? No, no, on why they rejected, or they turned you down on the falsity? Well, Your Honor, the exact language is difficult to pin down except for the fact that the Board indicated that substantially exclusive use admits to other uses. So again, the Board did not consider the magnitude. No, I understand. I'm just looking for the phrase that was used. It popped out of the other case. I believe the closest answer to Your Honor's question can be found at page 59 of the Board's opinion, appendix page 59. The Board says L.D. It doesn't make it per se false. Right. Yes. And I think that is the beginning and the end of the analysis, simply that L.D. Kickler makes clear the five years of use does not have to be exclusive. So I just understood your argument to say that you put in evidence in front of the Board what you consider to be quite a considerable amount of prior use of the mark by your client in that five-year period. And you would like to have the Board look at that to see whether or not that shows that the statement by your adversary that it had substantial exclusive use is not true. That is correct, Your Honor. That inquiry cannot be undertaken. Right. That's a very simple, not very complicated problem that you have. We would like the Board to assess your evidence. That is correct, Your Honor. Again, under the test mandated by this court. You want to go back to what I think is your first argument, which rests heavily on an interpretation of Converse or Converse case? Certainly, Your Honor. The Board's opinion did not have the benefit. The Board did not have the benefit of this court's opinion in Converse, which issued two months after the Board's final decision. I know, but I will tell you, so maybe this will give you some guidance on which way to go. I don't get why you think Converse governs this case. And I think your reading of Converse may be overly broad. As I understand your reading of Converse, it doesn't seem to me there'd be any benefit in ever claiming priority to a foreign applicant. And I don't understand the language of the act, how that can be right. OK, Your Honor. The issue is not necessarily, I don't believe section 66A is implicated in this case. This is simply the propositions here would apply to any applicant in the US. But it is the case in Converse that that panel noted, I'll quote here, this is on page 118 of the opinion, our opinion is clarifying and in some ways changing the legal landscape with respect to proving secondary meaning. Right, this case isn't about secondary meaning and Converse was entirely about secondary meaning, right? Yes, and Converse is also about the priority date that attaches to a registration issuing under section 2F of the act. And at Converse, this court held, the registration accompanying presumption of secondary meaning operate only prospectively from the date of registration. So the registrant in that case did not enjoy. Was there any claim of priority in Converse, which is precisely the issue we've got before us here? Not priority in the sense that we have here, but in terms of priority rights in the infringement context. That's exactly what was at issue in Converse. Right, and that's not it. That's different from the issue before us, right? It is different only in the sense that one involved an infringement action before the ITC and of course this case involves a cancellation action before the board. But section 7C on its face or in interpretations of it neither lends itself nor contemplates that a registration can have two separate priority dates. Suppose, for example, in this case that the board is correct that the proper priority date is September 28, 2006. Yet if the appellee in this case subsequently secures the initiation of an ITC action, its priority date under Converse will not be until April 15, 2008. That suggests that either the board is mistaken in this case or this court was mistaken in Converse. And if this court is mistaken in Converse, so too are the courts issuing the other opinions cited in pages 20 through 21 of our principle brief and pages two through four of our reply brief. And with very few exceptions, the cases cited by appellee on pages 25 through 31 of its response brief address an issue that's not in dispute in this case. Appellant doesn't argue as appellee suggests that appellant bears the burden of persuasion on the issue of priority. We acknowledge that we must demonstrate rights predating the constructed priority date. The issue is simply what that priority date is. Next slide, please. Then with respect to the weight of the evidence of priority, the board erred in other respects as well, beginning with its conclusion that the parties did not try the issue of prior trade name rights by implied consent. This is an issue as to which the board ruled on a sua sponte basis and not at the invitation of the appellee. And the board's finding on this issue rested solely on an interrogatory or a discovery objection, an irrelevancy objection to the introduction of evidence. But that's not the test for trial by implied consent. Neither party in this case has identified potentially controlling authority from this circuit. But both parties have cited to Henry Crawford from the First Circuit, which holds that a party can give implied consent to the litigation of an unpleaded issue in one of two ways, by effectively engaging the claim or by acquiescing during trial to the introduction of evidence during bearing on that issue. And here there is no dispute that appellee vigorously litigated the significance of the appellant's evidence of prior trade name usage. And appellee did not at any point object to the introduction of that evidence as it came into the record at trial. Now you're running through your rebuttal time. So do you want to hear from the other side? Thank you. Good morning, your honors. May it please the court. I'm Paolo Strino of Gibbons, counsel for appellee. In this matter, there is, in our view, substantial evidence supporting the board's finding that appellant failed to show by preponderance evidence prior in light of confusion. And there is also substantial evidence supporting the board finding that appellant failed to show fraud by clear and convincing evidence. Can we start with the fraud question as we did with your friend on the other side? And so the question is whether the, not that the board was wrong in its conclusion. We haven't gotten there yet. But it's simply that the board really truncated the analysis that was necessary and maybe misunderstood what we were saying in Kishler. Because it does seem that your friend is correct on page 59. The board's conclusion was simply that the statement was not per se false. Sure. I disagree with that interpretation in as much as. The interpretation of Kishler or the interpretation of what the board said? No, the interpretation of that appellant is proposing of the board's order falling short with regard to that analysis. The board says her knowledge of other players and by her knowledge refers to. Are we on appendix 59? Yes, we are on appendix 59. Other plays in the marketplace does not make September 26, 27, avertment of substantial excusive use of the Gilbert remark per se false. But with regard to appellant's allegation that the board failed to conduct a more thorough analysis on the issue of the intent, I want to point out that in our view, the board is constrained in this analysis to the body of evidence that was producing record for the board's consideration. We offer a police offer as his testimonial witness, in this case, the same individual that appellant charges with the claim of having made a false fraudulent declaration under 2F. And it was appellant's burden to elicit testimony on that issue. Appellant failed to elicit any kind of cross-examination on the issue of intent, essentially took for goods the word of the clerent, and there is no other indication. So with regard to appellant's contention that the clerent had essentially made a false avertment on material fact, I mean, you know. But you agreed the legal standard under Kirchler does not begin and end with a conclusion that it wasn't per se false, right? The legal standard. The board, the law, the board should have evaluated Texas' use of the mark, whether it was inconsequential or infringing, or whether it was significant enough to render her statement false. Do you agree with that interpretation of Kirchler? The short answer is, in my view, there is no conceivable circumstance under which the board has not evaluated the evidence. The entirety of the case was predicated on this alleged substantial body of evidence under use. You know, I'm not quibbling with that. I mean, the board did a very thorough job, and certainly on most issues, I think thorough enough to easily withstand a substantial evidence review. But my question is under the application of the law. Was all under Kirchler the board had to do was say that the use of the mark was per se false? Do you agree that that's the only test, and the only thing the board should have looked at in reaching its legal conclusion? The board needs to find whether under Kirchler there is the alleged use by a third party is either infringing or inconsequential. And there is substantial citation to that case by the board. So in as much as the board has not specifically restated in different paragraphs that test, I think it's immaterial with regard to the board analysis. The board has had the opportunity of evaluating this. No, no, no. I'm not talking about the test. I'm talking about what the board's conclusion was. And their conclusion, I think we all agree, their conclusion with regard to evaluating all the evidence, all they said was the sentence that you quoted on Appendix 59. Am I wrong? Did they reach some other conclusion with respect to the evidence? Well, they reached conclusion that the evidence that had been provided by appellant throughout the course of the proceeding were essentially insufficient to establish priority. In that sense, it should be at least reasonably inferred that the board has spent significant amount in its opinion in discussing the evidence by appellant. Sure, and we're not talking now about the priority issue because I'm not quibbling with you on that. But I'm just talking about whether they did enough in their analysis and conclusions with regard to the fraud. And not that your friend is necessarily going to win on that, not underestimating the high burden that he would have to establish on fraud. But it's just what seems to be missing for me is a conclusion that covers something other than this per se false. Well, this might be, again, appellant's interpretation, but my interpretation of the board's decision is that there are a number of elements for which appellant has that high burden of proof. There needs to be a material misrepresentation of fact. How can we be sure that the board measured the amount and quality of your adversary's use evidence? Because if there were a statement in the opinion that said, we have considered the evidence offered by Galperti, Texas, of prior use in the five-year period  that there was substantial explosive use by the other party. That sentence is missing. Well, again, in our opinion, the entirety of the case revolves around those alleged evidence of third-party use, in this case, use by appellant. Inasmuch as the board did not restate having considered those evidence in that second portion of its opinion. So point us to what else in the opinion you think, even if it's elsewhere, a conclusion by the board that satisfies what we think may be lacking here. Yes, there are a number of sentences in which the board says we have not considered the evidence in isolation. We have considered them overall. There is a list of evidence that are first summarized in the initial part, but they are also specifically mentioned. Can you point to a specific page? I'm trying to sort through the pages. OK. I think this is page 45 going on. We're on 45. And this is page 45. Middle of the page. We're on 45. Yes, it discusses it. Although the board has taken the position that none of the evidence has been considered in isolation, he also articulates specifically for the record some of the evidence. I'm looking at page 45. Is that the page you decided? It essentially starts at 45, but the list starts at the wrong page. Where do I start on 45? It's got about 28 lines on it. Maybe I'll point, perhaps instead, the court starting at page 46, where in the second to last paragraph, the board's opinion recites, as further evidence of the Gilberti marks and variation thereof, petition relies on the following as summarized below. And in the following pages. We're in the middle of the page on 46. It's second to last paragraph from page 46 of the board's opinion. So that suggests it's summarizing the evidence petitioner relied on, right? That's correct. So it's not making a fact finding about that evidence. And then when you get to the end of the list of bullet point evidence, it says, we've considered the totality of testimony and all the aforementioned evidence and find that petitioners failed to demonstrate priority. So is that the same fact finding that you think they need to make in this fraud inquiry, that this evidence fails to establish priority? Is that the same as substantial exclusive and continuous use? Is that good enough? And if so, why? As a matter of legal standard, it is clear that the board was addressing that evidence, at least with regard to how it expressed its analysis in the opinion with regard to the priority and likely confusion. So in this section, it's not addressed with regard to the question of. But what the board says is this evidence doesn't establish priority. I don't understand how that is satisfying the obligation of the board to look at intent and materiality in the fraud context. Well, I do not necessarily agree with the fact that the board did not look into that. There is no point in my. Well, they may have, but they didn't give us any particularized fact findings that would allow us to say, ah, yes, you got it right. They just reached a conclusion. Well, the board, again, discussed Kichler, made a citation to the case, discussed the requirements of Kichler, and in that section. The board concluded that there was no prior, that there hadn't been any prior use for priority purposes, correct? That's correct. All right, and so how many uses does it take to establish priority? Only one, right? Well, not necessarily, at least. I'm trying to get it in the law. If you're trying to establish that you had had prior use in order to establish somebody didn't have priority, could you succeed on just showing one prior use? I don't necessarily think a single prior use would be capable of establishing priority. What I'm trying to get at is that your argument is, I think, at the end, that the answer on the fraud issue is that they didn't put in any evidence of prior use in the five-year period. Well, our argument is that whatever evidence of use they provided throughout the proceeding does not raise to a point of defeating the statement that there was substantial exclusive use when it's looked through the lenses of culture, which allows for infringing and some form of- Let me ask the question this way. Is the evidence that was tendered to show prior use in the five-year period on the fraud issue, was that the same evidence that was presented to try to show priority? There was no other evidence with regard by appellant. The answer to that question is yes or no, and then the other side will get a chance to answer as well. My answer is there was no other evidence provided by appellant in which he would attempt to rely on one hand to show evidence with regard to priority and different evidence with regard to fraud. It is the same evidence. Well, then your argument is the evidence for priority was rejected saying you failed to show a use. Well- If it only took one use for priority purposes and the board said you didn't establish priority, then it means there were no uses in the board's assessment of Texas' evidence, right? Well, my argument is on this record, we can certainly not infer that the board has not considered those evidence because those evidence have been considered because those are all the evidence that have been provided by appellant, whether in support of his priority claim or in support of appellant's claim, that there is evidence of non-exclusive use by appellee. Thank you very much, Your Honor. Thank you. What's the answer to the evidence? Is the evidence that you're relying on to show use in the five-year period the same evidence that you introduced to try to show priority? Your Honor, the answer is no. The issues are completely distinct. I know the issues are different. The pieces of paper that you put in front of the board trying to show that there is a false statement by the other side when they said, oh, we had substantial exclusive use because you want to see all this use you had, right? Is that same paper that was submitted on that issue the same paper that was submitted on priority? Your Honor, the evidence overlaps to a certain extent, but priority and substantially exclusive use are two completely... Well, I understand that. I'm just saying is the evidence the same? When the board looked at your evidence for priority, what was the conclusion? The board's conclusion was that appellant had failed to demonstrate secondary meaning arising from that use. But in the context of the falsity inquiry, prior rights are not the issue. Prior use is the issue. And this is a subject that we address at length on pages 57 through 63 of our principal brief, but I refer, Your Honor, in particular to the opinion of this court's predecessor in auto wrath in which that court said any use, whether begun prior or subsequent to a Section 2F declaration and whether in a descriptive context or in the manner of a mark. So you don't have to have prior rights to render a claim of substantially exclusive use. You don't have to have rights at all. You just have to have use. And appellee on this issue has confused the oath required by Section 1A3D as part of the application process with that required under Section 2F. They're different. They have different requirements. And the evidence relating to both is different. Thank you, Your Honor. Thank you. We thank both sides, and the case is submitted.